IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES E. FOSTER                                                                         PLAINTIFF

V.                                              4:09CV738 JMM

STEPHENS INC.,
MICHAEL HENDERSON, MICHAEL
FREELING, STEVE FAULKNER,
AND TIM ROACHELL                                                                     DEFENDANTS

## ORDER

Pending are the motions to dismiss of Defendant Stephens Inc. ("Stephens") and Defendants Henderson, Freeling, Faulkner and Roachell (the "Individual Defendants"). Plaintiff, acting pro se, has responded to the motions. For the reasons set forth below, the Motion to Dismiss of the Individual Defendants (Docket # 8) is GRANTED. The Motion to Dismiss of Stephens Inc. (Docket # 12) is DENIED in part and GRANTED in part.

Plaintiff, an African-American, claims that the Defendants have discriminated against him by creating a hostile, intimidating, and offensive work environment in violation of his rights under 42 U.S.C. § 2000e-5. In his Complaint, Plaintiff claims that his supervisor, Michael Terry Henderson, verbally attacked Plaintiff in the parking deck of their employer's building. Henderson summoned three other white Senior Officers/Supervisors to witness Henderson's verbal attack on the Plaintiff. The following day, Plaintiff reported to work feeling ill as a result of the his anger, worry, and stress. Plaintiff called his supervisor, Henderson, to inform him that he needed to go home. Over the radio system, Henderson instructed the relief officer on duty to "report to the East Desk so Charles can go home." Plaintiff claims that this was also done to humiliate him on the basis of his race, African American. No actions were taken by Stephens to investigate the actions of these officers. Plaintiff claims that he has been subjected to, and

witnessed, racial comments, slurs, and jokes made by other white officers. Plaintiff seeks judgment in his favor requiring the "defendant" to acknowledge the unlawful conduct of the Senior Officers involved, and an order directing Stephens to accept Plaintiff's resignation, provide him with a severance package of not less than six months including insurance benefits, and to pay punitive and compensatory damages in excess of $2,000,000.

Standard for Rule 12(b)(6) Motion

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at

1966 (internal citations omitted).

### Individual Defendants

In their motion to dismiss, the Individual Defendants ask the Court to dismiss Plaintiff's suit because individual employees are not personally liable under Title VII in the Eighth Circuit. The Court agrees. The Eighth Circuit Court of Appeals has consistently held that "supervisors may not be held individually liable under Title VII.." *Clegg v. Ark. Dep't of Corrs.*, 496 F.3d 922, 931 (8th Cir. 2007)(quoting *Schoffstall v. Henderson*, 223 F.3d 818, 821 n. 2 (8th Cir. 2000)). Therefore, Plaintiff's claims against Defendants Henderson, Freeling, Faulkner and Roachell must be dismissed.

### Stephens

Stephens claims that the Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. Stephens contends that Plaintiff failed to include in his EEOC Charge the allegations that he has been "subjected to, and witnessed, racial comments, slurs, and jokes made by other white officers" and that Henderson harassed him on the radio system on April 17, 2009. Plaintiff's Charge of Discrimination merely lists the parking garage incident and that this is the only conduct which Plaintiff should be able to include in his Title VII Complaint.

"An EEOC complaint does not need to be exact, but it does need to give the employer notice." *Wallace v. DTG Operations*, 442 F.3d 1112, 1123 (8th Cir.2006). "A civil suit's breadth under Title VII is the same as the scope of an investigation that could reasonably have been expected to come from the original discrimination charge." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000). In other words, Plaintiff exhausted his administrative

remedies for his claim of race discrimination only if the allegations made in his Complaint are "like or reasonably related" to the allegations actually brought before the EEOC. *Ross v. City of Independence*, 76 Fed Appx. 108, 109 (8th Cir. 2003) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)). The Court finds that Plaintiff has not exhausted his administrative remedies as to all of the claims made in the Complaint. Plaintiff alleged race discrimination by checking the "race" box on the Charge. He included details about the parking garage incident with Henderson and the other white officers. Plaintiff specifically limited his claim by stating in his Charge that he was "berated, humiliated, and required to work the 6:00 a.m. to 2:00 p.m. shift for *two weeks* because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended." (emphasis added). Plaintiff's claim that he was subjected to racial slurs and comments throughout his tenure with Stephens is not like or reasonably related to the parking garage allegation. However, the Court finds that Plaintiff's claim that Henderson embarrassed him on the radio system following the garage incident is reasonably related to the garage incident allegation because it occurred during the "two weeks in April 2009."

Next, Stephens argues that Plaintiff's Complaint should be dismissed because Plaintiff has not stated a claim for racial harassment under Title VII. "A hostile work environment exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Bare v. NPC Intern., Inc.,* 2009 WL 4898317, 3 (W.D. Ark. 2009)(quoting *Al- Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005)). Plaintiff has alleged that he was subjected to discriminatory ridicule and humiliation by his

supervisor for two weeks in April 2009 and "demoted" from Senior Security Officer to Armed Security Officer based upon his race. Plaintiff also states that "no appropriate actions were taken to investigate the actions of these officers as it pertains to these allegations." (Complaint, p.3). Although the Court has serious doubts as to Plaintiff's ability to survive summary judgment on his hostile work environment claim based on these allegations, it simply cannot be said that his factual allegations, as a matter of law, evidence an insuperable bar to relief. *Id.*

In conclusion, the Motion to Dismiss of the Individual Defendants (Docket # 8) is GRANTED. The Motion to Dismiss of Stephens Inc. (Docket # 12) is DENIED in part and GRANTED in part.

IT IS SO ORDERED this 19th day of January, 2010.

_____
James M. Moody
United States District Judge